UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAYNE D. ANDERSON II,<br><br>                Petitioner,<br><br>   v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:17-cv-00148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Wayne D. Anderson II, challenging his Canyon County conviction for lewd conduct with a minor under sixteen years of age. (Dkt. 7.) On May 30, 2017, United States Magistrate Judge Candy W. Dale reviewed the initial Petition, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), and determined that it appeared that Petitioner's claims were subject to summary dismissal as noncognizable. (Dkt. 5.) Judge Dale gave Petitioner an opportunity to amend the Petition.

On August 29, 2017, Judge Dale reviewed Petitioner's Amended Petition and concluded that Claim 2 was noncognizable and that Claim 1, as written, was also noncognizable. (Dkt. 8.) However, because Claim 1 was capable of being construed as a claim of ineffective assistance of trial counsel based on counsel's advice to Petitioner to plead guilty, Judge Dale stated that the Claim would be so construed. Petitioner was not

**MEMORANDUM DECISION AND ORDER - 1**

permitted to proceed on Claim 2, which alleged that he was denied his right to self-representation after his post-conviction attorney allegedly rendered ineffective assistance. (*Id.*)

The Ninth Circuit then issued its decision in *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017), which held that magistrate judges lack the authority to dispose of claims if an unserved party does not consent to magistrate judge jurisdiction. Pursuant to *Williams*, this case was later reassigned to the undersigned district judge "for de novo review of the Amended Petition and for consideration of Respondent's Motion for Summary Dismissal," because it was "unclear whether the later appearance and consent of Respondent [could] cure [Judge Dale's] previous disposition of Claim 2 without consent from all named parties." (Dkt. 25 at 2.)

This Court has independently reviewed the initial and amended petitions, as well as Judge Dale's Initial and Successive Review Orders. Although that review has been de novo, the undersigned agrees with Judge Dale's analysis and conclusion that the initial petition did not state any cognizable claim.

The Court also agrees with Judge Dale's analysis and conclusion that Claim 1 of the Amended Petition was not cognizable as written but that it should be construed as a claim of ineffective assistance of trial counsel based on counsel's advice to plead guilty. Additionally, this Court construes Claim 1 as also alleging ineffective assistance of trial counsel based on counsel's performance with respect to Petitioner's motion to withdraw the guilty plea. Finally, because federal habeas relief does not lie for errors during state post-conviction proceedings, the Court agrees that Claim 2 is subject to summary

**MEMORANDUM DECISION AND ORDER - 2**

dismissal as noncognizable. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

The Court must now consider Respondent's Motion for Summary Dismissal, which asserts that—in addition to Claim 2 being noncognizable—Claim 1 is subject to summary dismissal as procedurally defaulted. (Dkt. 14.) The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Anderson*, 322 P.3d 312 (Idaho Ct. App. 2014), which is also contained in the record as State's Lodging B-5. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Third Judicial District Court in Canyon County, Idaho, Petitioner was charged with one count of lewd conduct with a minor under the age of sixteen, one count of sexual abuse of a child under the age of sixteen, and "two mandatory minimum sentencing enhancements ... on the basis that he previously was convicted of lewd conduct with a minor under sixteen." (State's Lodging D-4 at 1-2.) Petitioner entered an

**MEMORANDUM DECISION AND ORDER - 3**

*Alford* plea[1] to the lewd conduct charge and one sentencing enhancement in exchange for dismissal of the remaining charges; the State also agreed not to charge Petitioner with intimidating a witness, based on a letter Petitioner wrote to his wife, and to recommend that the fixed portion of Petitioner's sentence be limited to 15 years in prison. (*Id.*; State's Lodging A-3 at 48-49, 53-55, 76-82; State's Lodging A-4 at 6-7.)

Before his sentencing hearing, Petitioner moved to withdraw his guilty plea. The trial court denied the motion; the court also denied Petitioner's motion for reconsideration. (State's Lodging A-3 at 97-101, 105-07; State's Lodging A-6, Tr. of 07/16/12 Hrg. at 2-11.) Petitioner received a unified sentence of 40 years in prison with 15 years fixed. (State's Lodging A-3 at 117-18.)

On direct appeal, Petitioner argued that, under Idaho law, the trial court abused its discretion when it denied Petitioner's motion to withdraw his plea and that the sentence was excessive. (State's Lodging B-2; B-4.) The Idaho Court of Appeals affirmed Petitioner's conviction and sentence, and the Idaho Supreme Court denied review. (State's Lodging B-5; B-7.)

Petitioner then filed a pro se petition for state post-conviction relief, asserting that his trial counsel rendered ineffective assistance with respect to the guilty plea and the motion to withdraw that plea. (State's Lodging C-2 at 4-15.) The state district court appointed counsel to represent Petitioner, but Petitioner later sought to fire his attorney

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 4**

and to represent himself; Petitioner also sought an extension of time. (*Id*. at 27, 104-05.) The court denied Petitioner's requests and dismissed the post-conviction petition. (Id. at 108-20; State's Lodging C-3 at 3-4.)

On appeal from the dismissal of his post-conviction petition, Petitioner argued only that the state district court "abused its discretion ... when it denied his motions to proceed as a pro se litigant, dismiss court-appointed counsel, and extend time to prepare an amended petition." (State's Lodging D-1 at 1; *see also* State's Lodging D-3.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court denied review. (State's Lodging D-4; D-7.)

In the instant federal habeas corpus petition, Petitioner asserts two claims. Claim 1, as written, alleges that Petitioner's "[p]ost-conviction counsel failed to discover and present psychological evidence of petitioner's mental health that would have demonstrated that petitioner's guilty plea was not voluntary." (Am. Pet., Dkt. 7, at 6.) As previously explained, the Court construes this claim as an ineffective assistance of counsel claim based on trial counsel's representation with respect to Petitioner's guilty plea and his motion to withdraw the guilty plea. Claim 2 asserts that Petitioner was denied his "fundamental right ... to self-representation after [his] court appointed attorney was ineffective in his representation." (*Id*. at 7.)

As noted above, Claim 2 is subject to summary dismissal as noncognizable. The Court now considers Respondent's argument that Claim 1 is subject to summary dismissal as procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 5**

# DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Claim 1 is procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

1.  **Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

**MEMORANDUM DECISION AND ORDER - 6**

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal district court still can hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if

**MEMORANDUM DECISION AND ORDER - 7**

the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**2.     Claim 1 Is Subject to Dismissal as Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Claim 1 is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

On direct appeal, Petitioner raised only state-law claims that his sentence was excessive and that he should have been allowed to withdraw his guilty plea. (State's Lodging B-2; B-4.) Thus, Claim 1 was not fairly presented to the Idaho Supreme Court on direct appeal.

Petitioner raised Claim 1 in his state post-conviction petition. However, on appeal from the dismissal of that petition, Petitioner argued only that the state district court should have granted his request to discharge his attorney, to proceed pro se, and for an extension of time. (State's Lodging D-1, D-3.) Because he did not raise Claim 1 to the Idaho appellate courts, and because it is now too late to do so, Claim 1 is procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

In response to the Motion for Summary Dismissal, Petitioner incorrectly asserts that he raised Claim 1 to the Idaho Supreme Court, and he argues the merits of his claims.

**MEMORANDUM DECISION AND ORDER - 8**

(*See* Dkt. 24.) Petitioner does not allege that cause and prejudice or actual innocence exists to excuse the default of Claim 1.

In addition, the Court has not found an excuse for the default in its independent review of the record. Because Petitioner raised Claim 1 to the state district court in his post-conviction petition, but not to the appellate court on appeal from the dismissal of that petition, ineffective assistance of post-conviction counsel cannot establish cause to excuse the default. *See Martinez v. Ryan*, 566 U.S. 1, 9, 16 (2012) (stating that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," but that this exception does not apply to attorney error occurring in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts").

Finally, Petitioner has not proffered any new, reliable evidence that he is factually innocent. *See United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (holding that a procedurally defaulted claim may be heard under the actual innocence exception only if, "in light of all of the evidence, it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.") (internal quotation marks omitted); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that actual innocence "means factual innocence, not mere legal insufficiency"); *Schlup*, 513 U.S. at 324 (noting that a petitioner asserting actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

## CONCLUSION

For the foregoing reasons, the Court concludes that Claim 1 is procedurally defaulted and that Petitioner is not excused from that default. Moreover, Claim 2 is noncognizable. Therefore, this case will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 13, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**